1  PETER R. BOUTIN, CASB No. 65261
   peter.boutin@kyl.com
2  NATHAN R. JASKOWIAK, CASB No. 248007
   nathan.jaskowiak@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California 94133
5  Telephone:  (415) 398-6000
   Facsimile:  (415) 981-0136
6
7  Attorneys for Defendants
   CITIGROUP INC. and CITIGROUP GLOBAL MARKETS INC.
   (erroneously sued herein as CITIGROUP SMITH BARNEY)
8

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO B. CHANG, | Case No. C 09-2966 SI |
| Plaintiff, | **DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| CITIGROUP INC., CITIGROUP SMITH BARNEY, CITIGROUP GLOBAL MARKETS, INC., AND DOES 1 TO 5, | |
| Defendants. | Date: October 16, 2009 |
| | Time: 9:00 a.m. |
| | Dept: Courtroom 10 |
| | The Hon. Susan Illston |

Defendants CITIGROUP INC. and CITIGROUP GLOBAL MARKETS INC. f/k/a/ Salomon Smith Barney Inc. and erroneously sued herein as CITIGROUP SMITH BARNEY (collectively referred to as "Defendants" or "CGMI") hereby submit their Notice of Motion and Motion to Dismiss the Complaint filed by Plaintiff GERARDO B. CHANG ("Mr. Chang") and their Memorandum of Points and Authorities in Support Thereof.[1]

---

[1] Plaintiff has also sued "Citigroup Smith Barney" which presumably is a reference to Salomon Smith Barney Inc. Defendant Citigroup Global Markets Inc. was formerly known as Salomon Smith Barney Inc.

KYL_SF486067V2

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF  - CASE NO. C 09-2966 SI

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION .................................................................1

I.     INTRODUCTION ..................................................................................2

II.    STATEMENT OF ISSUES TO BE DECIDED .........................................3

III.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................3

IV.   LEGAL ARGUMENT ..........................................................................4

     A.    Motion To Dismiss Standard .........................................................4

     B.    Each Claim In The Complaint Is Barred By The Applicable Statute
          Of Limitations ...........................................................................5

          1.    Plaintiff's Claims Accrued by December 31, 2001....................5

          2.    The Applicable Statute of Limitation Periods........................6

          3.    The Statute of Limitations for Plaintiff's Claims Should
               Not Be Tolled Due To Plaintiff's Alleged Mental
               Breakdowns ......................................................................7

     C.    Plaintiff Fails To State A Claim Under ERISA ...............................9

     D.    Plaintiff Has Failed To Plead Fraud With Particularity..............................10

     E.    Leave To Amend Would Be Futile................................................10

V.    CONCLUSION.................................................................................11

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF  - CASE NO. C 09-2966 SI

1

# **TABLE OF AUTHORITIES**

2

3

**Cases**

4

Alcott Rehab. Hosp. v. Sup.Ct. (Smith),
    93 Cal.App.4th 94 (2001) ........................................................................................... 8

5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 554 (2007) .................................................................................................... 5

6

Bernson v. Browning-Erris Industries of Calif., Inc.,
    7 Cal.4th 926 (1994) ................................................................................................... 5

7

Betz v. Trainer Wortham & Co., Inc.,
    519 F.3d 863 (9th Cir. 2008) ..................................................................................... 7

8

9

Braham v. State Ins. Fund,
    No. 97 Civ. 7121, 1999 WL 14011 at *4 (S.D.N.Y. Jan. 14, 1999).......................... 8, 9

10

Buder v. Merrill Lynch Pierce, Fenner & Smith,
    644 F.2d 690 (8th Cir. 1981) ..................................................................................... 6

11

12

FDIC v. McSweeney,
    976 F.2d 532 (9th Cir. 1992) ..................................................................................... 7

13

Fox v. Ethicon Endo-Surgery, Inc.,
    35 Cal.4th 979 (2005) ................................................................................................. 5

14

15

Gaudin v. KDI Corp.,
    576 F.2d 708 (6th Cir. 1978) ..................................................................................... 6

16

Grant v. McDonnell Douglas Corp.,
    163 F.3d 1136 (9th Cir. 1998) ................................................................................... 9

17

18

Hupp v. Gray,
    500 F.2d 993 (7th Cir. 1974) ..................................................................................... 6

19

Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.,
    115 Cal.App.4th 1145 (2004) ..................................................................................... 7

20

21

In re Nelson,
    180 B.R. 584 (B.A.P. 9th Cir. 1995)......................................................................... 10

22

Jablon v. Dean Witter & Co.,
    614 F.2d 677 (9th Cir. 1980) .................................................................................. 5, 6

23

24

Kahn v. Kohlberg, Kravis, Roberts & Co.,
    970 F.2d 1030 (2d Cir.), cert. denied, 506 U.S. 986 (1992)...................................... 7

25

Larsson v. Cedars of Lebanon Hosp.,
    97 Cal.App.2d 704 (1950) ........................................................................................... 8

26

27

Laws v. Lamarque,
    351 F.3d 919 (9th Cir. 2003) ..................................................................................... 9

ii                                                    KYL_SF486067V2

28

Miller v. Rykoff-Sexton, Inc.,
    845 F.2d 209 (9th Cir. 1988) ................................................................11

Norgart v. Upjohn Co.,
    21 Cal.4th 383 (1999) ...........................................................................5

O'Connor v. Boeing North American, Inc.,
    311 F.3d 1139 (9th Cir. 2002) ..............................................................5

Rhodes v. Senkowski,
    82 F.Supp.2d 160 (S.D.N.Y. 2000) .....................................................9

Roque v. Clark,
    No. CV 07-4485, 2008 WL 660075 at * 4 (C.D.Cal. Mar. 7, 2008) (Carter, J.) ..........8, 9

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000).....................................................................6

Sanders v. Brown,
    504 F.3d 903 (9th Cir. 2007) .................................................................4

Saul v. United States,
    928 F.2d 829 (9th Cir. 1991) ................................................................11

Swartz v. KPMG LLP,
    476 F.3d 756 (9th Cir. 2007) ...............................................................10

**Statutes**

28 U.S.C.

    § 1658(b)(1) ............................................................................................7

    § 1658(b)(2) ............................................................................................7

29 U.S.C.

    § 1002(1)..................................................................................................9

    § 1002(2)..................................................................................................9

    § 1002(3)..................................................................................................9

    § 1003(a)..................................................................................................9

    § 1113 .....................................................................................................7

29 C.F.R.

    § 2510.3-2(d)(1) ....................................................................................10

C.C.P.

    § 335.1 ....................................................................................................7

    § 337 .......................................................................................................7

    § 338(d) ..................................................................................................7

KYL_SF486067V2

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. C 09-2966 SI

1

§ 343 ........................................................................................................................ 7

2

§ 352(a) .................................................................................................................. 8

3

**Rules**

4

Federal Rule of Civil Procedure 9(b) ............................................................. 2, 10

5

FINRA Rule 12206(a) ............................................................................................. 4

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF486067V2

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. C 09-2966 SI

1

## NOTICE OF MOTION AND MOTION

2

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

3

      **PLEASE TAKE NOTICE** that on October 16, 2009 at 9:00 a.m., or as soon

4

thereafter as the matter may be heard in Courtroom 10 of the above-entitled Court, the

5

Honorable Susan Illston presiding, Defendants CITIGROUP INC. and CITIGROUP

6

GLOBAL MARKETS INC. (collectively referred to as "Defendants" or "CGMI") will and

7

hereby do move this Court for an Order Dismissing the Complaint with prejudice.

8

## STATEMENT OF RELIEF SOUGHT (Civ. L.R. 7-2(b)(3))

9

      CGMI seeks an Order granting its motion to dismiss all of Plaintiff's claims

10

because he has failed to state a claim upon which relief may be granted.

11

      This Motion is based upon this Notice of Motion and Motion, the following

12

Memorandum of Points and Authorities, the concurrently filed Request for Judicial

13

Notice, the pleadings, records and papers on file herein, and on such further oral and

14

documentary evidence as may be presented at the hearing on this Motion.

15

16

17

DATED:  August 28, 2009

18

19

20

                    /s/ Nathan R. Jaskowiak
                    PETER R. BOUTIN
                    NATHAN R. JASKOWIAK
                    KEESAL, YOUNG & LOGAN
                    ATTORNEYS FOR DEFENDANTS
                    CITIGROUP INC., CITIGROUP SMITH
                    BARNEY, AND CITIGROUP GLOBAL
                    MARKETS, INC.

21

22

23

24

25

26

27

28

                                  - 1 -                        KYL_SF486067V2

1

## MEMORANDUM OF POINTS & AUTHORITIES

2

3 **I.    INTRODUCTION**

4         Mr. Chang, who was previously employed by the investment firm Charles Schwab

5 & Co., Inc., has filed the instant complaint asserting claims under state and federal law

6 based on alleged investment losses that occurred in his CGMI investment account in

7 2001.  He alleges state law claims for breach of contract (Counts 1 and 6); fraud (Count

8 3), negligence (Counts 4 and 5), and breach of fiduciary duty (Count 7) and federal claims

9 for fraud under the Securities Exchange Act, Investment Advisors Act, and the Employee

10 Retirement Income Security Act ("ERISA") (Count 2).  Mr. Chang's complaint fails to

11 state a claim upon which relief can be granted for at least three reasons.

12         ***First***, as a matter of law, all of Plaintiff's claims are time-barred by the statute of

13 limitations.  As alleged in the complaint, plaintiff's claims are ***based on investment***

14 ***losses that were incurred in 2001***.  All claims based on those alleged losses

15 necessarily accrued by December 31, 2001, which is the latest date that Mr. Chang was

16 or should have been on notice of his potential claims.  Accordingly, Mr. Chang's claims

17 are time-barred.

18         ***Second***, Plaintiff's claim under ERISA (Count 2) fails as a matter of law because

19 ERISA only applies to "employee benefit plan[s]" and defines such plans to include only

20 those maintained by "employer" or "employee organization."  Mr. Chang's ERISA claim is

21 fatally defective because he alleges that his account with CGMI was simply an

22 "individual retirement account."

23         ***Third***, Mr. Chang has failed to allege fraud (Counts 2 and 3) with particularity as

24 required by Federal Rule of Civil Procedure 9(b) and, accordingly, his fraud claims must

25 be dismissed.

26         The deficiencies of Plaintiff's complaint cannot be cured by amendment.  No

27 amendment by Plaintiff will permit him to pursue claims that were time-barred years

28                                                                 - 2 -                              KYL_SF486067V2

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. C 09-2966 SI

1    ago, and no amendment will transform his retirement account with CGMI into an

2    "employee benefit plan" under ERISA.  CGMI respectfully requests that its motion be

3    granted without leave to amend as to each of Plaintiff's claims.

4

5    **II.    STATEMENT OF ISSUES TO BE DECIDED**

6           1.    Whether each claim raised in the complaint is barred by the applicable

7    statute of limitations?

8           2.    Whether Plaintiff's ERISA claim fails as a matter of law because his

9    investments were not part of an "employee benefit plan" as defined by ERISA?

10          3.    Whether Plaintiff has failed to plead fraud with particularity?

11

12   **III.   STATEMENT OF FACTS AND PROCEDURAL HISTORY**

13          On July 1, 2009, Plaintiff filed his complaint.  In his complaint, Plaintiff alleges

14   that he was employed with Charles Schwab & Co., Inc. ("Charles Schwab") until 2000.

15   (Complaint, ¶ 5.)  Upon leaving Charles Schwab, Plaintiff received a distribution from

16   his "Schwab 401k and Profit Sharing Plan" which consisted of "cash and shares of

17   Charles Schwab common stock."  (Id. ¶ 6.)  He then opened a "rollover individual

18   retirement account" with Defendants and purchased various securities beginning in

19   April 2000.  (Id. ¶¶ 7, 11.)

20          Plaintiff alleges that the investments in his retirement account suffered losses of

21   $78,723 by the end of 2001 and that Defendants failed to take any measures to mitigate

22   the losses and simply let the account lose value.  (Id. ¶¶ 16-19, 22.)

23          Plaintiff alleges that he has been medically diagnosed with Bipolar Disorder and

24   that he suffered a mental breakdown in 2002 and another breakdown in January 2005.

25   (Id. ¶ 24.)  He has attached to the complaint a letter from a medical provider indicating

26   that he had "functional limitations in 2005, preventing him from working in a full-time

27   capacity."  (See May 14, 2009 letter, attached to Complaint as Exhibit "A" at p. 13.)

28                                             - 3 -                              KYL_SF486067V2

1    Plaintiff further alleges that during his purported mental breakdown in 2005, he
2    was involved in six different "legal battles" against various individuals and entities.
3    (Complaint, ¶ 26.)  His complaint alleges that he was involved in a wrongful termination
4    lawsuit against a former employer, a lawsuit against "former tenants," a lawsuit
5    involving his brother, another lawsuit involving his brother, a lawsuit against the City
6    and County of San Francisco, and a lawsuit against his former attorneys.  (Id.)  He
7    alleges that due to these lawsuits, he "could not pursue the matter with [Defendants]
8    intelligently, knowingly and competently at that time." (Id. ¶ 27.)  Plaintiff also alleges
9    that he complained of the losses to Defendants in 2005 and that Defendants told him
10    they had not engaged in any wrongdoing.  (Id. ¶¶ 24, 25.)

11    Plaintiff alleges that after his mental health improved, he eventually filed a
12    FINRA arbitration claim based on the alleged investment losses.  (Id. ¶¶ 28-29.)  This
13    claim was filed on June 3, 2008 and was dismissed by a FINRA arbitration panel on May
14    28, 2009.  (See FINRA Dispute Resolution Order attached to Complaint as Exhibit "A" at
15    pp. 17-18.)  An order attached to the complaint reflects that Plaintiff's claims were
16    dismissed because six years had elapsed between the date of the purchase of the
17    investments at issue and the date of the filing of the arbitration claim.[2]  (Id.)

18

19    **IV.    LEGAL ARGUMENT**

20    **A.    Motion to Dismiss Standard**

21    In ruling on a motion to dismiss, all allegations of fact are taken as true.  <u>Sanders</u>
22    <u>v. Brown</u>, 504 F.3d 903, 910 (9th Cir. 2007).  However, conclusory allegations and
23    unreasonable inferences are insufficient to defeat a motion to dismiss.  <u>Id.</u>  In order to
24    survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to

25
26    [2] Although not specifically referred to in the FINRA Dispute Resolution Order, the arbitration panel's
      ruling was presumably based on FINRA Rule 12206(a), which states that "[n]o claim shall be eligible for
      submission to arbitration under the Code where six years have elapsed from the occurrence or event
27    giving rise to the claim."

28
                                                    - 4 -                          KYL_SF486067V2
     DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION
     AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
     SUPPORT THEREOF - CASE NO. C 09-2966 SI

1   relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 594

2   (2007). When all facts are taken as true and construed in the light most favorable to the

3   plaintiff, the allegations pled "must be enough to raise a right to relief above the

4   speculative level." <u>Id.</u> at 555. "Once a claim has been stated adequately, it may be

5   supported by a showing consistent with the allegations in the complaint." <u>Id.</u> at 563.

6   When the running of the statute of limitations is apparent on the face of the complaint,

7   the defense may be raised by a motion to dismiss. <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d

8   677, 682 (9th Cir. 1980).

### B.   Each Claim In The Complaint Is Barred By The Applicable Statute Of Limitations

#### 1.   Plaintiff's Claims Accrued by December 31, 2001

Plaintiff's claims are based on various investments that he made with Defendants that allegedly suffered large losses by the end of 2001. (<u>Id.</u> ¶¶ 14, 18.) Under California law, a cause of action accrues "when the cause of action is complete with all of its elements." <u>Norgart v. Upjohn Co.</u>, 21 Cal.4th 383, 397 (1999). However, under the discovery rule, "the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." <u>Bernson v. Browning-Erris Industries of Calif., Inc.</u>, 7 Cal.4th 926, 932 (1994). A plaintiff is required to conduct a reasonable investigation after becoming aware of an injury and is charged with knowledge of information that would have been revealed by such an investigation. <u>Fox v. Ethicon Endo-Surgery, Inc.</u>, 35 Cal.4th 979, 807 (2005). Federal law contains a nearly identical standard of accrual for the purposes of statute of limitations. <u>O'Connor v. Boeing North American, Inc.</u>, 311 F.3d 1139, 1147 (9th Cir. 2002) (citations omitted) (stating that the statute of limitations period does not commence until plaintiff discovers or reasonably could have discovered the claim, that a plaintiff must be diligent in discovering critical facts, and that a plaintiff is held to actual knowledge or knowledge that could reasonably have been discovered through an investigation).

- 5 -

1    Courts have repeatedly held in cases involving claims based on investment losses

2   that a plaintiff is on notice of the claims when he or she is aware a "precipitous decline"

3   in the investment.  Jablon, 614 F.2d at 682 (9th Cir. 1980) (granting motion to dismiss

4   based on statute of limitations defense after concluding that the plaintiff was on notice of

5   alleged fraud due to knowledge of the "precipitous decline" in the value of the

6   investments at issue); see also Buder v. Merrill Lynch Pierce, Fenner & Smith, 644 F.2d

7   690, 692 (8th Cir. 1981) (investor received reports on investments showing poor

8   performance, putting him on inquiry notice of possible misrepresentation of soundness

9   and risk of investment by broker); Gaudin v. KDI Corp., 576 F.2d 708, 712 (6th Cir.

10   1978) (same); Hupp v. Gray, 500 F.2d 993, 996-97 (7th Cir. 1974) (granting motion to

11   dismiss based on statute of limitations defense after concluding that a "sharp fall" in

12   stock price put the plaintiff on inquiry notice); Rothman v. Gregor, 220 F.3d 81, 97 (2d

13   Cir. 2000) (stating that once "storm warnings" appear, a plaintiff must exercise diligence

14   in investigating the possibility that he or she has been defrauded).  Again, this defense

15   may be raised on a motion to dismiss when the running of the statute of limitations is

16   apparent on the face of the complaint.  Jablon, 614 F.2d at 682.  It is undisputable that

17   Plaintiff, who was previously employed by an investment firm, was on notice of his

18   potential claims after his account sustained large losses in 2001.

19              **2.    The Applicable Statute of Limitation Periods**

20          Set forth below is a chart of the claims asserted by Plaintiff based on the

21   investment losses he sustained in 2001.  ***Eight and a half years*** have elapsed between

22   the latest date Plaintiff's claims accrued (December 31, 2001) and the filing of the

23   complaint (July 1, 2009).  Even if the Court is inclined to toll the statute of limitations

24   during the one year that Plaintiff pursued his FINRA arbitration (June 3, 2008 to May

25   28, 2009), he falls far short of complying with the applicable limitations periods.  Simply

26   put, Plaintiff's claims are time-barred as a matter of law.

27

28                                        - 6 -                          KYL_SF486067V2

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. C 09-2966 SI

| Count No. | Cause of Action | Applicable Statute of Limitations |
|---|---|---|
| 1 and 6 | Breach of Contract | Four years.  C.C.P. § 337. |
| 2 | Fraud under the Securities Exchange Act, Investment Advisers Act and ERISA | Two years from discovery or five years from the violation for the Securities Exchange Act and the Investment Advisors Act.  28 U.S.C. § 1658(b)(1) and (2); Betz v. Trainer Wortham & Co., Inc., 519 F.3d 863, 875 (9th Cir. 2008); Kahn v. Kohlberg, Kravis, Roberts & Co., 970 F.2d 1030, 1036-1039 (2d Cir.), cert. denied, 506 U.S. 986 (1992); Six years for a violation of ERISA.  29 U.S.C. § 1113. |
| 3 | Fraudulent Concealment | Three years from discovery.  C.C.P. § 338(d). |
| 4 and 5 | Professional Negligence | Two years.  C.C.P. § 335.1; Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc., 115 Cal.App.4th 1145, 1553 (2004). |
| 7 | Breach of Fiduciary Duty | Four years.  C.C.P. § 343; FDIC v. McSweeney, 976 F.2d 532, 535 (9th Cir. 1992). |

### 3.   The Statute of Limitations for Plaintiff's Claims Should Not Be Tolled Due To Plaintiff's Alleged Mental Breakdowns

Given the nature and timing of Plaintiff's alleged mental breakdowns and his self-proclaimed ability to engage in "legal battles" during those alleged mental breakdowns, Plaintiff is unable to avail himself of tolling based on an alleged mental incapacity.

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. C 09-2966 SI

***First***, California law provides for the tolling of a statute of limitations if the Plaintiff is "insane" at the "time the cause of action accrued." Cal. Code of Civ. Proc. § 352(a); <u>Larsson v. Cedars of Lebanon Hosp.</u>, 97 Cal.App.2d 704, 707 (1950). Because Plaintiff's causes of action accrued at the latest at end of 2001, and because his first alleged mental breakdown was not suffered until sometime in 2002, he was not "insane" at the "time the cause of action accrued." Accordingly, Mr. Chang cannot avail himself of tolling based on mental incapacity under California law.

***Second***, California law defines "insanity" as "a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." <u>Alcott Rehab. Hosp. v. Sup.Ct. (Smith)</u>, 93 Cal.App.4th 94, 101 (2001). Plaintiff's own allegations make it clear that his mental breakdowns did not rise to this level. Plaintiff's complaint lists ***six*** different lawsuits that he "battled" during the same time period that he alleges that he suffered his second mental breakdown. (Complaint, ¶ 26.) <u>See also</u> Exhibits "1" – "6" attached to Request for Judicial Notice. Plaintiff affirmatively filed and prosecuted four of these six cases. (<u>Id.</u>) Moreover, Plaintiff alleges that in 2005, in the "midst of his mental illness" he wrote to Defendants regarding the losses in his account. (<u>Id.</u>, ¶ 24.) Simply put, Plaintiff was quite capable of pursuing legal actions for alleged wrongs committed against him, and evidently his claims against CGMI did not receive the same priority as the multiple other lawsuits that he filed during his alleged mental breakdown. <u>See Roque v. Clark</u>, No. CV 07-4485, 2008 WL 660075 at * 4 (C.D.Cal. Mar. 7, 2008) (Carter, J.) (concluding on a motion to dismiss in a habeas corpus proceeding that the petitioner was not entitled to tolling based on alleged mental incapacity because he had filed both state and federal petitions during period of alleged mental incompetency); <u>see also</u> <u>Braham v. State Ins. Fund</u>, No. 97 Civ. 7121, 1999 WL 14011 at *4 (S.D.N.Y. Jan. 14, 1999) (concluding on motion for judgment on the pleadings that the filing of another lawsuit during the period of alleged mental incompetency demonstrated that the plaintiff

- 8 -

KYL_SF486067V2

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. C 09-2966 SI

1   was capable of pursuing her legal rights); <u>Rhodes v. Senkowski</u>, 82 F.Supp.2d 160, 172

2   (S.D.N.Y. 2000) (rejecting tolling argument because petitioner had filed a habeas corpus

3   petition during the period of alleged physical and mental incompetency).

4       ***Third***, Plaintiff is unable to meet the federal standard for tolling due to mental

5   incapacity.  Although the Ninth Circuit has not explicitly ruled whether tolling is

6   available due to mental incapacity, it has noted that other courts have only allowed such

7   tolling only in "exceptional circumstances" such as "institutionalization or adjudged

8   mental incompetence of the litigant."  <u>Grant v. McDonnell Douglas Corp.</u>, 163 F.3d 1136,

9   1138 (9th Cir. 1998) (citations omitted).  Further, the Ninth Circuit has held that such

10  tolling is potentially available only if the mental deficiencies actually caused the filing

11  delay.  <u>Laws v. Lamarque</u>, 351 F.3d 919, 922 (9th Cir. 2003).  Clearly, Plaintiff's alleged

12  mental breakdowns do not rise to the "exceptional circumstances" necessary to invoke

13  such tolling.  Plaintiff does not allege – nor can he – that he was institutionalized or

14  adjudged mentally incompetent.  To the contrary, he was able to file and prosecute

15  multiple suits in the midst of his alleged mental issues, conclusively demonstrating that

16  any alleged mental deficiency did not rise to a level which prevented Plaintiff from filing

17  additional lawsuits.  <u>See</u> <u>Braham</u>, 1999 WL 14011 at *4; <u>Rhodes</u>, 82 F.Supp.2d at 172;

18  <u>Roque</u>, 2008 WL 660075 at * 4.

19      Plaintiff's alleged mental deficiencies are insufficient as a matter of law to toll the

20  applicable statute of limitations under either California or federal law and, accordingly,

21  his claims should be dismissed.

22  **C.    Plaintiff Fails To State A Claim Under ERISA**

23      Plaintiff's investment account was not an employee benefit account as defined by

24  ERISA and therefore is not covered by ERISA.  ERISA only applies to "employee benefit

25  plan[s]" and defines such plans to only include those maintained by an "employer" or

26  "employee organization."  29 U.S.C. § 1003(a); 29 U.S.C. § 1002(1), (2) and (3).  Plaintiff

27  alleges that the account at issue was a "rollover individual retirement account" and that

28

- 9 -
                                                                    KYL_SF486067V2

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. C 09-2966 SI

1  he established this investment account himself.  (Complaint, ¶ 7.)  A Ninth Circuit

2  Bankruptcy Appellate Panel has held that an IRA that was not established or

3  maintained by an employer or by an employee organization is not covered by ERISA.  <u>In</u>

4  <u>re Nelson</u>, 180 B.R. 584, 587 (B.A.P. 9th Cir. 1995).  In addition, the regulations

5  pertaining to ERISA explicitly state that "the terms 'employee pension benefit plan' and

6  'pension plan' shall not include an individual retirement account . . ."  29 C.F.R. § 2510.3-

7  2(d)(1).  Accordingly, Plaintiff's ERISA claim (Count 2) therefore fails as a matter of law

8  and should be dismissed.

9  **D.    Plaintiff Has Failed To Plead Fraud With Particularity**

10          Plaintiff's fraud-based claims (Counts 2 and 3) have not been pled with the

11  requisite level of particularity.  Rule 9(b) of the Federal Rules of Civil Procedure requires

12  that a party allege "with particularity the circumstances constituting fraud or mistake."

13  This requires "an account of the time, place, and specific content of the false

14  representations as well as the identities of the parties to the misrepresentations." <u>Swartz</u>

15  <u>v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007).  Plaintiff has utterly failed to include

16  any of these allegations.  Plaintiff simply alleges in Count Two that "Defendants made

17  fraudulently [sic] representations to Plaintiff to induce him to entrust them with his

18  retirement nest egg in a fiduciary capacity" but fails to identify the content of such

19  representations, the parties who made them, or the time or place they were made.

20  (Complaint, ¶ 42)  Similarly, Plaintiff alleges in Count Three that "defendants profited

21  from their investment decisions and did nothing to mitigate the losses" but fails to even

22  allege any fraudulent conduct, let alone fraud with particularity.  (Complaint, ¶¶ 45-48.)

23  Plaintiff has failed to property state claims for fraud and, accordingly, Counts Two and

24  Three must be dismissed on these grounds as well.

25  **E.    Leave To Amend Would Be Futile**

26          "A district court does not err in denying leave to amend where the amendment

27  would be futile or would be subject to dismissal." <u>Saul v. United States</u>, 928 F.2d 829,

28                                                          - 10 -                                      KYL_SF486067V2

843 (9th Cir. 1991) (citations omitted); <u>see also</u> <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." <u>Id.</u> at 214. No amendment by Plaintiff will permit him to avoid his statute of limitations issues, and no amendment will transform his retirement account with Defendants into an "employee benefit plan" under ERISA.

Leave to amend would be futile and, accordingly, Defendants' motion to dismiss should be granted without leave to amend.

**V.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss Complaint without leave to amend as to all causes of action and that the complaint be dismissed with prejudice.

DATED:  August 28, 2009                    /s/ Nathan R. Jaskowiak
                                                        PETER R. BOUTIN
                                                        NATHAN R. JASKOWIAK
                                                        KEESAL, YOUNG & LOGAN
                                                        ATTORNEYS FOR DEFENDANTS
                                                        CITIGROUP INC., AND CITIGROUP
                                                        GLOBAL MARKETS INC.

- 11 -                              KYL_SF486067V2

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. C 09-2966 SI