PETER R. BOUTIN, CASB No. 65261
peter.boutin@kyl.com
NATHAN R. JASKOWIAK, CASB No. 248007
nathan.jaskowiak@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California  94133
Telephone:   (415) 398-6000
Facsimile:    (415) 981-0136

Attorneys for Defendants
CITIGROUP INC. and CITIGROUP GLOBAL MARKETS INC.
(erroneously sued herein as CITIGROUP SMITH BARNEY)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO B. CHANG,<br><br>                              Plaintiff,<br><br>     vs.<br><br>CITIGROUP INC., CITIGROUP SMITH BARNEY, CITIGROUP GLOBAL MARKETS, INC., AND DOES 1 TO 5,<br><br>                              Defendants. | Case No. C 09-2966 SI<br><br>**DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  December 18, 2009<br>Time:  9:00 a.m.<br>Dept:  Courtroom 10<br>            The Hon. Susan Illston |

Defendants CITIGROUP INC. and CITIGROUP GLOBAL MARKETS INC. f/k/a/ Salomon Smith Barney Inc. and erroneously sued herein as CITIGROUP SMITH BARNEY (collectively referred to as "Defendants" or "CGMI") hereby submit their Notice of Motion and Motion to Dismiss the Amended Complaint filed by Plaintiff GERARDO B. CHANG ("Mr. Chang") and their Memorandum of Points and Authorities in Support Thereof.[1]

---

[1] Plaintiff has also sued "Citigroup Smith Barney" which presumably is a reference to Salomon Smith Barney Inc.  Defendant Citigroup Global Markets Inc. was formerly known as Salomon Smith Barney Inc.

KYL_SF495595

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ...................................................................................1

STATEMENT OF ISSUES TO BE DECIDED .......................................................................1

I. INTRODUCTION...........................................................................................................2

II. STATEMENT OF ISSUES TO BE DECIDED .........................................................2

III. PROCEDURAL HISTORY ........................................................................................3

IV. STATEMENT OF FACTS..........................................................................................3

V. LEGAL ARGUMENT..................................................................................................5

    A. Motion To Dismiss Standard ................................................................5

    B. Each Claim In The Amended Complaint Is Barred By The Applicable Statute Of Limitations ................................................................5

        1. Plaintiff's Claims Accrued by December 31, 2001..............................5

        2. The Applicable Statute of Limitation Periods ......................................7

        3. The Statute of Limitations for Plaintiff's Claims Should Not Be Tolled Due To Plaintiff's Alleged Mental Breakdowns ................................................................................................8

    C. Leave To Amend Would Be Futile ................................................................10

VI. CONCLUSION ...........................................................................................................10

i          KYL_SF495595

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. C 09-2966 SI

**TABLE OF AUTHORITIES**

**Cases**

Alcott Rehab. Hosp. v. Sup.Ct. (Smith),
 93 Cal.App.4th 94 (2001)..................................................................................................8

Bell Atlantic Corp. v. Twombly,
 550 U.S. 554 (2007) ..........................................................................................................5

Betz v. Trainer Wortham & Co., Inc.,
 519 F.3d 863 (9th Cir. 2008) .............................................................................................7

Braham v. State Ins. Fund,
 No. 97 Civ. 7121, 1999 WL 14011 at *4 (S.D.N.Y. Jan. 14, 1999)..................................9

Buder v. Merrill Lynch Pierce, Fenner & Smith,
 644 F.2d 690 (8th Cir. 1981) .............................................................................................6

FDIC v. McSweeney,
 976 F.2d 532 (9th Cir. 1992) .............................................................................................8

Fox v. Ethicon Endo-Surgery, Inc.,
 35 Cal.4th 979 (2005) .......................................................................................................6

Gaudin v. KDI Corp.,
 576 F.2d 708 (6th Cir. 1978) .............................................................................................6

Grant v. McDonnell Douglas Corp.,
 163 F.3d 1136 (9th Cir. 1998) ...........................................................................................8

Hupp v. Gray,
 500 F.2d 993 (7th Cir. 1974) .............................................................................................6

Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.,
 115 Cal.App.4th 1145 (2004)............................................................................................8

Jablon v. Dean Witter & Co.,
 614 F.2d 677 (9th Cir. 1980) .........................................................................................5, 6

Kahn v. Kohlberg, Kravis, Roberts & Co.,
 970 F.2d 1030 (2d Cir.), cert. denied, 506 U.S. 986 (1992) .............................................7

Larsson v. Cedars of Lebanon Hosp.,
 97 Cal.App.2d 704 (1950) .................................................................................................8

Laws v. Lamarque,
 351 F.3d 919 (9th Cir. 2003) .............................................................................................9

Miller v. Rykoff-Sexton, Inc.,
 845 F.2d 209 (9th Cir. 1988) ...........................................................................................10

O'Connor v. Boeing North American, Inc.,
    311 F.3d 1139 (9th Cir. 2002) ...................................................................................6

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000) ........................................................................................6

Sanders v. Brown,
    504 F.3d 903 (9th Cir. 2007) ....................................................................................5

Saul v. United States,
    928 F.2d 829 (9th Cir. 1991) ..................................................................................10

**Statutes**

28 U.S.C. § 1658(b)(1) and (2) ...........................................................................................7

C.C.P. § 335.1 ....................................................................................................................8

C.C.P. § 337 .......................................................................................................................7

C.C.P. § 338(d) ..................................................................................................................7

C.C.P. § 343 .......................................................................................................................8

Cal. Code of Civ. Proc. § 352(a) .......................................................................................8

**Rules**

Civ. L.R. 7-2(b)(3) .............................................................................................................1

FINRA Rule 12206(a) ........................................................................................................5

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. C 09-2966 SI

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on December 18, 2009 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the above-entitled Court, the Honorable Susan Illston presiding, Defendants CITIGROUP INC. and CITIGROUP GLOBAL MARKETS INC. (collectively referred to as "Defendants" or "CGMI") will and hereby do move this Court for an Order Dismissing the Amended Complaint with prejudice.

### STATEMENT OF RELIEF SOUGHT (Civ. L.R. 7-2(b)(3))

CGMI seeks an Order granting its motion to dismiss all of Plaintiff's claims because he has failed to state a claim upon which relief may be granted.

This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the pleadings, records and papers on file herein, and on such further oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: November 16, 2009

/s/ Nathan R. Jaskowiak
PETER R. BOUTIN
NATHAN R. JASKOWIAK
KEESAL, YOUNG & LOGAN
ATTORNEYS FOR DEFENDANTS
CITIGROUP INC., CITIGROUP SMITH BARNEY, AND CITIGROUP GLOBAL MARKETS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In accordance with the Court's instructions at the October 16, 2009 hearing on CGMI's Motion to Dismiss Plaintiff's original Complaint, Mr. Chang has filed an Amended Complaint which sets forth in more detail the allegedly fraudulent statements that he claims were made with his investment account with CGMI. All of these allegedly fraudulent statements occurred in 2000 and 2001, and all are essentially statements that his account would increase in value. Ninth Circuit case law is crystal clear that claims based on investment losses accrue when there is a "precipitous decline" in the value of the investments. Mr. Chang alleges that although he was promised "astounding investment results" during a meeting on January 26, 2000, he sustained losses of $78,723 by the end of 2001 and $127,716 by the end of 2002. (Amended Complaint, ¶¶ 7, 8, 50). Accordingly, Mr. Chang was clearly on notice of the alleged fraud at that time. In addition, although Mr. Chang alleges that he suffered from several mental breakdowns during the statute of limitations period, case law is well-established that the multiple other complaints that Mr. Chang filed against various individuals and entities during the statute of limitations period (all of which are mentioned in the Amended Complaint) preclude any tolling of the statute of limitations based on mental incapacity. Accordingly, CGMI respectfully requests that its Motion to Dismiss Plaintiff's Amended Complaint be granted without leave to amend.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether each claim asserted in the Amended Complaint is barred by the applicable statute of limitations?

## III. PROCEDURAL HISTORY

On July 1, 2009, Plaintiff filed his Original Complaint. (Doc. No. 1). On August

28, 2009, Defendants filed their Motion to Dismiss Plaintiff's Original Complaint and their Request for Judicial Notice. (Doc. Nos. 7 and 8.) On October 16, 2009, the Court heard and granted Defendants' Motion, but provided Plaintiff with an opportunity to file an amended complaint. (Doc. No. 24.) On November 5, 2009, Plaintiff filed his Amended Complaint. (Doc. No. 25.)

IV. STATEMENT OF FACTS

In his Amended Complaint, Plaintiff alleges that he met with various employees of Defendants on January 26, 2000 regarding the opening of an investment account to hold his retirement savings. (Amended Complaint, ¶ 7.) He alleges that Defendants told him that they would manage his retirement savings "*with astounding investment results*" and that they could "*manage [his] retirement account better than anyone else can*." [Emphasis added.] (Id. ¶¶ 8-9.) On April 24, 2000, Plaintiff opened his account with Defendants and was allegedly told that "we will execute the best investment strategy in line with our discussions about your retirement needs and goals." (Id. ¶¶ 10-11.) Plaintiff also alleges that the following additional fraudulent oral statements were made to him by Defendants:

- May 17, 2000: "We are executing our investment strategy in your ERISA-IRA and we are purchasing really good securities for it." (Id. ¶ 14.)
- July 17, 2000: "We have made really great purchases on your ERISA-IRA in accordance with our strategy and we want to buy more on your behalf. In order to do that, we need to sell Schwab stock to raise the cash needed for the additional securities [we] want to buy." (Id. ¶ 26.)
- January 25, 2001: Defendants stated that "We want to sell more Schwab stock because there are still additional securities we want to purchase for your ERISA-IRA." (Id. ¶ 28.)

- May, 2001: Defendants told Plaintiff to place additional sales of Schwab stock and told him that "there is no telling how far down it may go; this would be good in order to reduce its concentration in your ERISA-IRA and to buy more securities." (Id. ¶ 32.)

Plaintiff alleges that between April of 2000 and February of 2002, Defendants purchased various investments in his account. (Id. ¶ 13.) He alleges that these investments suffered losses of $78,723 by the end of 2001 and losses of $127,716 by the end of 2002. (Id. ¶ 50.)

Plaintiff further alleges that he has been medically diagnosed with Bipolar Disorder and that he suffered a mental breakdown in 2002 and another breakdown in January 2005. (Id. ¶ 59, 60, 75, 77.) Plaintiff has attached to the Amended Complaint a letter from a medical provider which opines that Plaintiff had "functional limitations in 2005, preventing him from working in a full-time capacity." (See May 14, 2009 letter, attached to Amended Complaint as Exhibit "A" at p. 20.) During his purported mental breakdown in 2005, Plaintiff complained to Defendants' legal department regarding the losses in his investment account and stated that he "had been duped by them in that his ERISA-IRA could not be farther away from growing and appreciating." (Id. ¶ 60-62.) Also during his purported mental breakdown in 2005, he was involved in six different "legal battles" against various individuals and entities. (Id. ¶ 75.) His Amended Complaint alleges that he was involved in a wrongful termination lawsuit against a former employer, a lawsuit against "former tenants," a lawsuit involving his brother, another lawsuit involving his brother, a lawsuit against the City and County of San Francisco, and a lawsuit against his former attorneys. (Id.) He alleges that due to these lawsuits, he "could not pursue the matter with [Defendants] intelligently, knowingly and competently at that time." (Id. ¶ 76.)

Plaintiff alleges that when his mental health improved in April 2007, he again communicated with Defendants concerning the losses in his investment account. (Id. ¶

77.) On June 3, 2008, he filed a FINRA arbitration claim based on his alleged investment losses, which was dismissed by a FINRA Arbitration Panel on May 28, 2009. (Id. ¶ 79; see FINRA Dispute Resolution Order attached to Plaintiff's Amended Complaint as Exhibit "A" at pp. 24-25.) The FINRA Order reflects that Plaintiff's claims were dismissed because six years had elapsed between the date of the purchase of the investments at issue and the date of the filing of the arbitration claim.[2] (Id.)

## V. LEGAL ARGUMENT

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss, all allegations of fact are taken as true. Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). However, conclusory allegations and unreasonable inferences are insufficient to defeat a motion to dismiss. Id. In order to survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 594 (2007). When all facts are taken as true and construed in the light most favorable to the plaintiff, the allegations pled "must be enough to raise a right to relief above the speculative level." Id. at 555. "Once a claim has been stated adequately, it may be supported by a showing consistent with the allegations in the complaint." Id. at 563. When the running of the statute of limitations is apparent on the face of the complaint, the defense may be raised by a motion to dismiss. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

### B. Each Claim In The Amended Complaint Is Barred By The Applicable Statute Of Limitations

#### 1. Plaintiff's Claims Accrued by December 31, 2001

The allegations in Plaintiff's Amended Complaint are essentially that in January

---

[2] Although not specifically referred to in the FINRA Order, the Arbitration Panel's ruling was presumably based on FINRA Rule 12206(a), which states that "[n]o claim shall be eligible for submission to arbitration under the Code where six years have elapsed from the occurrence or event giving rise to the claim."

2000, he was promised "astounding investment results" but that "his account sustained large losses in 2001 and 2002." (Amended Complaint, ¶¶ 7, 8, 50.) Plaintiff further alleges that Defendants' purported statements were fraudulent and Defendants' actions in allowing the investments to decline were negligent and in breach of contract.

Both California and Federal law require that a individual conduct a reasonable investigation after becoming aware of an injury, and charge that individual with knowledge of information that would have been revealed by such an investigation. Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 979, 807 (2005); O'Connor v. Boeing North American, Inc., 311 F.3d 1139, 1147 (9th Cir. 2002) (citations omitted). In Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980), the Court considered the statute of limitations in a claim based on investment losses. The Ninth Circuit affirmed the district court's order granting the defendant's motion to dismiss based on the statute of limitations, concluding that the plaintiff was on notice of the alleged fraud once the investments "fell precipitously" in value and that a "reasonably prudent person would have realized" that the defendant's prediction that the stocks would rise in value was incorrect. Id. at 682. Jablon is nearly identical to the instant case and dictates a conclusion that Plaintiff's claims based on his investment losses accrued by the end of 2001, when they "fell precipitously" in value.

Other circuits have reached similar conclusions to the Ninth Circuit's decision in Jablon. See Buder v. Merrill Lynch Pierce, Fenner & Smith, 644 F.2d 690, 692 (8th Cir. 1981) (investor received reports on investments showing poor performance, putting him on inquiry notice of possible misrepresentation of soundness and risk of investment by broker); Gaudin v. KDI Corp., 576 F.2d 708, 712 (6th Cir. 1978) (same); Hupp v. Gray, 500 F.2d 993, 996-97 (7th Cir. 1974) (granting a motion to dismiss based on statute of limitations defense after concluding that a "sharp fall" in stock price put the plaintiff on inquiry notice); Rothman v. Gregor, 220 F.3d 81, 97 (2d Cir. 2000) (stating that once "storm warnings" appear, a plaintiff must exercise diligence in investigating the

possibility that he or she has been defrauded). Accordingly, Plaintiff's claims accrued by the end of 2001, or at the absolute latest, by the end of 2002 (when his account allegedly suffered six-figure losses).

### 2. The Applicable Statute of Limitation Periods

Plaintiff's Amended Complaint sets forth claims of breach of contract, fraud under the Investment Advisors Act and the Securities Exchange Act, fraudulent concealment, negligence, and breach of fiduciary duty. Set forth below is a chart indicating the applicable statute of limitations periods for each of these claims. **_Seven and a half years_** have elapsed between the latest date Plaintiff's claims accrued (December 31, 2001) and the filing of the Original Complaint (July 1, 2009). Even if the Court is inclined to toll the statute of limitations during the one year that Plaintiff pursued his FINRA arbitration (June 3, 2008 to May 28, 2009), and even if the court concludes that his claims did not accrue until the end of 2002, he still waited over five and a half years to pursue his claims. Simply put, Plaintiff's claims are time-barred as a matter of law.

| Count No. | Cause of Action | Applicable Statute of Limitations |
|---|---|---|
| 1 and 6 | Breach of Contract | Four years.  C.C.P. § 337. |
| 2 | Fraud under the Investment Advisers Act and Securities Exchange Act | Two years from discovery or five years from the violation for the Securities Exchange Act and the Investment Advisors Act.  28 U.S.C. § 1658(b)(1) and (2); Betz v. Trainer Wortham & Co., Inc., 519 F.3d 863, 875 (9th Cir. 2008); Kahn v. Kohlberg, Kravis, Roberts & Co., 970 F.2d 1030, 1036-1039 (2d Cir.), cert. denied, 506 U.S. 986 (1992); |
| 3 | Fraudulent Concealment | Three years from discovery.  C.C.P. § 338(d). |

| 4 and 5 | Professional Negligence | Two years.  C.C.P. § 335.1; <u>Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.</u>, 115 Cal.App.4th 1145, 1553 (2004). |
|---|---|---|
| 7 | Breach of Fiduciary Duty | Four years.  C.C.P. § 343; <u>FDIC v. McSweeney</u>, 976 F.2d 532, 535 (9th Cir. 1992). |

### 3. The Statute of Limitations for Plaintiff's Claims Should Not Be Tolled Due To Plaintiff's Alleged Mental Breakdowns

Given the nature and timing of Plaintiff's alleged mental breakdowns and his self-proclaimed ability to engage in "legal battles" during those alleged mental breakdowns, Plaintiff is unable to avail himself of tolling based on an alleged mental incapacity.

*First*, California law provides for the tolling of a statute of limitations if the Plaintiff is "insane" at the "time the cause of action accrued."  Cal. Code of Civ. Proc. § 352(a); <u>Larsson v. Cedars of Lebanon Hosp.</u>, 97 Cal.App.2d 704, 707 (1950).  Because Plaintiff's causes of action accrued at the latest at the end of 2001, and because his first alleged mental breakdown was not suffered until sometime in 2002, he was not "insane" at the "time the cause of action accrued."  Accordingly, Mr. Chang cannot avail himself of tolling based on mental incapacity under California law.

*Second*, California law defines "insanity" as "a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts."  <u>Alcott Rehab. Hosp. v. Sup.Ct. (Smith)</u>, 93 Cal.App.4th 94, 101 (2001).  Similarly, the Ninth Circuit has noted that tolling based on mental incapacity in only permitted in "exceptional circumstances" such as "institutionalization or adjudged mental incompetence of the litigant."  <u>Grant v.

- 8 -

KYL_SF495595

DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. C 09-2966 SI

McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (citations omitted); see also Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (concluding that tolling based on mental capacity is only available if the mental deficiencies actually caused the filing delay. Plaintiff's own allegations make it clear that his purported mental breakdowns did not rise to these levels. Plaintiff's Amended Complaint lists **six different lawsuits** that he "battled" during the same time period that he alleges that he suffered his second mental breakdown. (Amended Complaint, ¶ 75.) See also Exhibits "1" – "6" attached to Defendants' previously filed Request for Judicial Notice (Doc. No. 8). Plaintiff affirmatively filed and prosecuted four of these six cases. (Id.) Simply put, Plaintiff was quite capable of pursuing legal action for alleged wrongs committed against him, and evidently his claims against Defendants did not receive the same priority as the multiple other lawsuits that he filed during his alleged mental breakdown.

In Roque v. Clark, 2008 WL 660075 at * 4 (C.D.Cal. Mar. 7, 2008) (Carter, J.), the Court concluded on a motion to dismiss that a habeas corpus petitioner was not entitled to tolling based on alleged mental incapacity. Noting that the "petitioner made numerous pro se state and federal filings despite petitioner's alleged mental impairments, the Court concluded that the fact that "petitioner did not file a federal petition within the limitations period may be attributed only to petitioner's own lack of diligence." Id.

Similarly, in Braham v. State Ins. Fund, No. 97 Civ. 7121, 1999 WL 14011 at *4 (S.D.N.Y. Jan. 14, 1999), the court concluded on a motion for judgment on the pleadings that the filing of another lawsuit during the period of alleged mental incompetency demonstrated that the plaintiff was capable of pursuing her legal rights. The Braham Court specifically noted that the plaintiff had filed another unrelated action 26 days before the limitations period expired, and that the filing of this unrelated action "demonstrated that she was capable of pursuing her legal rights." Id.

Defendants respectfully submit that the Court should follow this well-established case law and hold that the filing of multiple complaints during Plaintiff's alleged incompetency – all of which are referenced in his Amended Complaint – conclusively establish as a matter of law that Plaintiff is not entitled to tolling based on his alleged mental breakdowns.

### C. Leave To Amend Would Be Futile

"A district court does not err in denying leave to amend where the amendment would be futile or would be subject to dismissal." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Id. at 214. No amendment will permit Plaintiff to avoid his statute of limitations issues. He has already been granted one opportunity to amend and has failed to adequately justify his delay in pursuing his claims against Defendants. Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint should be granted without leave to amend.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's Amended Complaint without leave to amend as to all causes of action and that the complaint be dismissed with prejudice.

DATED: November 16, 2009     /s/ Nathan R. Jaskowiak
PETER R. BOUTIN
NATHAN R. JASKOWIAK
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
CITIGROUP INC. and CITIGROUP
GLOBAL MARKETS INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

     I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 450 Pacific Avenue, San Francisco, California 94133.

     On the date indicated below, I served the following documents described as:

**DEFENDANTS CITIGROUP INC. AND CITIGROUP GLOBAL MARKETS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

   **Mr. Gerardo B. Chang**
   **P.O. Box 27372**
   **San Francisco, CA 94127**

     ☐  **BY OVERNIGHT DELIVERY**: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

     ☒  **BY U.S. MAIL:** I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

     Pursuant to California Rules of Court, Rule 201, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code.

     Executed on November 16, 2009 at San Francisco, California.

     I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

                                                    /s/ K'Ann M. Klein
                                                   K'ANN M. KLEIN